Lavenburg *v.* Harper.

LEVI M. LAVENBURG *v.* BENJAMIN F. HARPER.

Where an instruction is given to the jury without being reduced to writing, by consent of counsel, no objection can be heard to it on that ground in this court.

An instruction which says: "If the jury believe that any of the witnesses corruptly swore falsely, they have the right to disregard his evidence entirely," and an attempt having been made to discredit one of the witnesses in the case : —*Held*, that this instruction was too broad, because it did not confine the jury to the testimony adduced on the trial, nor to the manner and demeanor of the witness while testifying, nor to any circumstance apparent upon the examination.

In error from the circuit court of Attala county ; Hon. Robert C. Perry, judge.

This was an action by attachment in the circuit court of Attala county, commenced by Levi M. Lavenburg against B. F. Harper, upon whose representations Lavenburg purchased of one Martin twelve bales of cotton, and paid Martin for them in goods and cash amounting to $432, Harper at the time stating to Lavenburg that Martin had the cotton on the way to Yazoo City; and upon this statement and that Martin was good for his contracts, the credit was given Martin by Lavenburg. At the time Martin was bringing no cotton to Yazoo City, but was on his way to Texas; and Lavenburg sought to make Harper liable upon the above statements for the goods purchased by Martin, as well as the money paid him.

The third instruction asked by defendant is as follows: "If the jury believe from the evidence that at the time of the sale of the goods to Martin that plaintiff and Alexander were in copartnership merchandising, and that the firm goods were sold to Martin, then the law is for the defendant; provided this instruction is not applicable and not to be considered by the jury, if the jury shall believe from the evidence that it was understood and agreed between said Alexander and Lavenburg that Alexander had nothing to do with the sale, but that it was solely on account of Lavenburg."

After the jury had retired and were absent some time, they returned into court without agreeing upon a verdict, and asked for further instructions. The court, by the consent of counsel on both sides, gave them the following instructions: "If the jury believe that any of the witnesses corruptly swore falsely, they have the right to disregard his evidence entirely."

The jury found a verdict for the defendant, and the plaintiff (Lavenburg) prayed a writ of error to this court.

*Gibbs* and *Bowman* for appellant.

*W. E. Pugh* on the same side.

*Lawson* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

The questions made in this case are upon the third instruc-

tion given by the court at the instance of the defendant, and upon the instruction given in relation to the credit to be given to the witnesses.

The third instruction, as it originally stood, was erroneous; but all objection to it was destroyed by the qualification given to it by the acquiescence of the counsel for the plaintiff. This qualification was that the instruction as originally given " was inapplicable and not to be considered by the jury, if the jury should believe from the evidence that it was understood and agreed between said Lavenburg and Alexander, that Alexander had nothing to do with the sale, but that it was solely on account of Lavenburg." This instruction is shown by the bill of exceptions to have been given without being required to be reduced to writing, by consent of counsel, and no objection can now be heard to it on that ground.

The other instruction was this: " If the jury believe that any of the witnesses corruptly swore falsely, they have the right to disregard his evidence entirely." This instruction was given upon the jury returning into court after retiring, and asking for further instructions.

It appears by the testimony set forth in the record that there was a point of discrepancy between the witnesses for the plaintiff and those for the defendant, as to the time of sale of the goods for which the action was brought; and it also appears that witnesses were called by the defendant to impeach the credibility of one of the plaintiff's witnesses, but that they sustained his credibility.

Under these circumstances, we think this instruction was too broad, and was liable to be misapplied or misapprehended by the jury. It did not confine them to the testimony adduced on the trial, nor to the manner and demeanor of the witnesses while testifying, nor to any circumstances apparent upon the examination and legitimate subjects for their consideration, but permitted them to indulge any undue suspicions, and even to act upon their own private information, and to condemn a witness unheard or undefended. It is not presuming too much to suppose that jurors may act upon such grounds, especially when, as in this case, an effort has been made to impeach the

credibility of a witness; the very effort, though unsuccessful under the legal forms of examination in such cases, may arouse suspicion, and if in addition to this, one of the jurors happened to know facts derogatory to the integrity of the witness, it could scarcely fail to be brought to bear against him under the latitude allowed by this instruction, and thus the witness would be condemned as a false witness, and the party's rights sacrificed by illegal evidence. This dangerous and delicate power cannot be guarded too carefully against abuse, and too closely limited to strictly legal evidence. We, therefore, think this instruction was erroneous.

The judgment is reversed, and the case remanded for a new trial.